# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

No. 10-50630
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ALFREDO GUTIERREZ-JACQUEZ, also known as Alfredo Gutierrez-Jacquez, also known as Alfredo Jose Gutierrez,

Defendant - Appellant

_____

Consolidated with No. 10-50631

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ALFREDO GUTIERREZ-JACQUEZ,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-443-1
USDC No. 2:09-CR-1587-1

No. 10-50630
c/w No. 10-50631

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Alfredo Gutierrez-Jacquez was sentenced, *inter alia*, to 27 months' imprisonment, following his guilty-plea conviction for illegal reentry into the United States.   Gutierrez contends his within-Guidelines sentence is substantively unreasonable because:  it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a); and the advisory Sentencing Guidelines fail to properly account for his reasons for returning to the United States, his personal history, and his work ethic.

Gutierrez also contends his within-Guidelines sentence should not be afforded the usual presumption of reasonableness because Sentencing Guideline § 2L1.2 is not empirically based and improperly double counts his prior offense. These "lack-of-empirical-data" and "double-counting" contentions are foreclosed by our court's precedent and are, therefore, unavailing.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).  His challenge to the presumption of reasonableness of his within-Guidelines sentence is likewise identical to one our court has previously held lacking in merit.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Gutierrez does not assert procedural error regarding the calculation of his advisory Guideline sentencing range. Regarding his challenge to the substantive reasonableness of his sentence, Gutierrez concedes he did not object in district court to its reasonableness; therefore, his challenge is reviewed only for plain error.  *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  To show

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 10-50630
c/w No. 10-50631

reversible plain error, Gutierrez must show a clear or obvious error that affects his substantial rights.  *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Gutierrez' substantive-reasonableness contentions constitute a disagreement with the district court's weighing of the § 3553(a) sentencing factors and the appropriateness of his sentence.  Because these contentions do not suffice to show error, much less reversible plain error, Gutierrez has failed to rebut the presumption of reasonableness attached to his within-Guidelines sentence.  *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.